United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RATH HEALTH PROGRAMS USA B.V., a Dutch corporation; DR. MATTHIAS RATH, an individual, citizen of Germany,<br><br>    Plaintiffs,<br><br> v.<br><br>JUVENON, INC.<br><br>    Defendant. | No. C 06-02548 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Docket No. 13] |

This matter comes before the Court on the motion of plaintiffs Dr. Rath Health Programs USA B.V. and Dr. Matthias Rath (collectively, "Plaintiffs") to preliminarily enjoin defendant Juvenon, Inc. ("Juvenon") from using the marks "CELLULAR HEALTH," "CELLULAR HEALTH SUPPLEMENT," and "JUVENON CELLULAR HEALTH SUPPLEMENT" on its health supplements ("Motion for Preliminary Injunction"). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the papers and records on file in this action, the facts set forth in the declarations as cited, and good cause appearing therefore, the Court finds this matter appropriate for resolution without a hearing. Plaintiffs' Motion for Preliminary Injunction is hereby DENIED.

Plaintiffs have not shown a likelihood of success on the merits. Juvenon has successfully rebutted the presumption of inherent distinctiveness arising from Plaintiffs' federal registration for "CELLULAR HEALTH" through its showing, by a preponderance of the evidence, that the term "cellular health" is highly descriptive of the parties' products. *See 555-1212.com, Inc. v. Commc'n. House Int'l*, 157 F. Supp. 2d, 1088-89 (N.D. Cal. 2001); Prager Decl. ¶ 13, Exs. C-F; Stadecker Decl. ¶¶ 2-19, 22-23, 29-31, Exs. A-C, E, H-I, J, M-P, R-S, Y-AA; Ames Decl. ¶¶ 1-4. Furthermore, through evidence of Plaintiffs' manner and non-exclusivity of use of the "CELLULAR HEALTH" mark, which indicates that the mark has likely failed to acquire secondary meaning, Juvenon has

established sufficiently great doubt as to validity of the mark. *See Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) (secondary meaning can be established through, *inter alia*, exclusivity and manner of use of a mark); *Americana Trading, Inc. v. Russ Berrie & Co.*, 966 F.2d 1284, 1287 (9th Cir. 1992) (defendant has the burden to prove that secondary meaning has not attached to plaintiff's mark where the mark is federally registered and descriptive); *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993) (the district court does not abuse its discretion in denying a preliminary injunction "where there is great doubt as to the validity of the trademark"); Karn Decl. ¶¶ 12-13; Prager Decl. ¶ 13, Exs. C-F; Stadecker Decl. ¶¶ 12, 29-31, 32-34, Exs. J, Y-AA, DD.

Lastly, an analysis of the factors set forth by the Ninth Circuit in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), demonstrates that there is insufficient evidence at this point to establish a likelihood of confusion between Juvenon's uses of the term "cellular health" and Plaintiffs' "CELLULAR HEALTH" mark, particularly given the descriptive nature of the mark, Plaintiffs' failure to present sufficient evidence establishing the degree to which the marketing and advertising channels overlap, and the lack of similarity of the marks in the contexts in which they appear in the marketplace. *See Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993); *see also* Karn Decl. ¶ 14; Stadecker Decl. ¶ 32, Ex. BB (comparison of bottles in which Plaintiffs' and Juvenon's supplements are sold); *compare* Gordet Decl. ¶¶ 6-10, Exs. 4-9 (Juvenon's website) *with* Stadecker Decl. ¶¶ 24-25, 32, Exs. T-U (websites selling Plaintiffs' products).

Because Plaintiffs have not shown a likelihood of success on the merits, they are not entitled to a presumption of irreparable harm. *See Playboy Enters. Inc. v. Netscape Commc'ns Corp.*, 55 F. Supp. 2d 1070, 1090 (C.D. Cal 1999). Plaintiffs have also failed to show that the balance of hardships tips in their favor. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-1205 (9th Cir. 2000).

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiffs' motion for preliminary injunction [Docket No. 13] is DENIED.

1    IT IS SO ORDERED.

Dated: 7/19/06

SAUNDRA BROWN ARMSTRONG
United States District Judge